UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAZ MALDONADO,<br><br>Plaintiff,<br><br>v.<br><br>STEVEN POSSON,<br><br>Defendant. | Case No. 23-cv-02394-HSG<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California Substance Abuse Treatment Facility ("CSATF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging lack of medical treatment while housed at Correctional Training Facility ("CTF"). His complaint (Dkt. No. 1) is now before the Court for review under 28 U.S.C. § 1915A. Plaintiff has been granted leave to proceed *in forma pauperis* in a separate order.

**DISCUSSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

//

//

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Complaint**

Plaintiff names as defendants CTF Chief Medical Executive Steve Posson and CTF healthcare providers John Does 1-3. Dkt. No. 1 at 2.

The complaint makes the following allegations. Defendants Posson and John Doe Nos 1-3 were in charge of Plaintiff's medical care while he was housed at CTF. On June 27, 2022, due to water on the floor, Plaintiff slipped and broke his hand and fractured his knee. Plaintiff's hand had to be treated with a splint. As of this day, Plaintiff continues to suffer pain, but no medical care or medications have been provided. Dkt. No. 1 at 3. Plaintiff alleges that Defendants' inactions violate the Eighth Amendment and the Tort Claims Act, and constitute general negligence, intentional infliction of emotional and physical pain. *Id.*

The complaint is DISMISSED with leave to amend for the following reasons.

First, the complaint fails to link any defendant, whether CTF CME Posson or the unidentified Doe defendants, to a specific action or failure to act that violated federal or state laws or the federal or state constitutions. It is unclear how each defendant caused, or is linked to, the alleged constitutional violation. In addition, the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980), in part

because it is effectively impossible for the United States Marshal to serve an anonymous defendant. The Court's general practice is to dismiss Doe defendants without prejudice and, if the plaintiff is able to identify the unknown defendant through discovery, allow the plaintiff leave to amend the complaint to name the intended defendant. *See Gillespie*, 629 F.2d at 642. In preparing an amended complaint, Plaintiff should identify how each named prison official violated the Eighth Amendment or state law, i.e., what each defendant did or did not do that violated Plaintiff's rights, and Plaintiff should not name Doe defendants. Plaintiff may seek to determine the identity of Doe defendants through discovery and then, after he has determined the Doe defendants' identities, request leave to amend the complaint to add these Doe defendants.

Second, to the extent that Plaintiff has named CME Posson as a defendant because he supervises John Does 1 – 3 or because CME Posson generally oversees the medical care provided at CTF, this fails to state a cognizable Section 1983 claim. There is no supervisory liability under Section 1983. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Knowledge and acquiescence of a subordinate's misconduct is insufficient to establish liability; each government official is only responsible for his or her own misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). To state a claim for relief under Section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that (1) the supervisor(s) proximately caused the deprivation of rights of which Plaintiff complains, *see Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981); or (2) the supervisor(s) failed to properly train or supervise personnel resulting in the alleged deprivation, *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F. 2d 675, 680 (9th Cir. 1984); (3) the alleged deprivation resulted from a custom or policy for which each of the supervisor(s) was or were responsible, *see id.*; or (4) the supervisor(s) knew of the alleged misconduct and failed to act to prevent future misconduct, *Taylor*, 880 F.2d at 1045. A formulaic recitation of the elements of supervisory liability fails to state a claim under Section 1983.

Third, the complaint fails to state a cognizable federal claim. Although Plaintiff need not provide specific facts, his allegations are insufficient to give Defendants fair notice of his Eight Amendment claim. Deliberate indifference to a prisoner's serious medical needs violates the

Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled in part on other grounds by WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *McGuckin*, 974 F.2d at 1059 (citing *Estelle*, 429 U.S. at 104). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *Id.* at 1060-61.

  Here, it is unclear what Plaintiff's serious medical need was and how Defendants failed to take reasonable steps to address the medical need. Plaintiff references a broken hand and fractured knee, but Plaintiff acknowledges that he received a splint for the broken hand. It is unclear what further medical care Plaintiff claims is needed beyond a splint. Moreover, both the complaint and the attachments to the complaint contradict Plaintiff's claim that he was not provided medical care for his hand and knee between June 27, 2022, the date he suffered the injury, and December 7, 2022, the date he was transferred away from CTF to CSATF. Plaintiff acknowledges in the body of the complaint, and prison records confirm, that he was provided a splint for his broken hand. Dkt. No. 1 at 3, 11. According to prison records, Plaintiff received other medical treatment immediately following the fall. Plaintiff was sent to an outside hospital for urgent x-rays immediately after the fall; Plaintiff was seen a month later by an orthopedic specialist, where he

had the splint removed; hand exercises were prescribed; and a physical therapy follow-up scheduled. Dkt. No. 1 at 11. It also appears that Plaintiff has been prescribed pain medication. Dkt. No. 1 at 9. In filing an amended complaint, Plaintiff should identify how defendant Posson and/or other prison officials denied him medical care and explain why their actions or failures to act were unreasonable within the meaning of the Eighth Amendment.

The Court declines to screen Plaintiff's remaining claims at this time as they appear to be state-law claims.[1] Pursuant to Section 1367(c)(3) of the United States Code, title 28, a district court may decline to exercise supplemental jurisdiction if it dismisses all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). "The decision whether to continue to exercise supplemental jurisdiction over state law claims after all federal claims have been dismissed lies within the district court's discretion." *Foster v. Wilson*, 504 F.3d 1046, 1051–52 (9th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)). Because there is currently no operative complaint, the Court cannot exercise supplemental jurisdiction and it is therefore premature to screen the state-law claims.

**CONCLUSION**

For the foregoing reasons, the Court DISMISSES the complaint with leave to amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file an amended complaint that addresses the identified deficiencies. The amended complaint must include the caption and civil case number used in this order, Case No. C 23-02394 HSG (PR) and the words "AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed. An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his amended complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may not incorporate material from the prior complaint by reference. Failure to file an amended complaint in accordance with this order in the

---

[1] Plaintiff alleges a violation of the "Tort Claims Act." Dkt. No. 1 at 1, 3. The Court presumes that Plaintiff is referring to the California Tort Claims Act. The Federal Tort Claims Act applies only to federal actors, and the named defendants are state actors.

1  time provided will result in dismissal of this action without further notice to Plaintiff. The Clerk
2  shall include two copies of the court's complaint form with a copy of this order to Plaintiff.
3  **IT IS SO ORDERED.**
4  Dated: 11/9/2023

*[Signature: Haywood S. Gilliam Jr.]*
HAYWOOD S. GILLIAM, JR.
United States District Judge