UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCIAZ MALDONADO,<br>Plaintiff,<br>v.<br>DR. KALESHER, et al.,<br>Defendants. | Case No. 23-cv-02394-HSG<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

Plaintiff, an inmate at California Substance Abuse Treatment Facility ("CSATF"), has filed a *pro se* action pursuant to 42 U.S.C. § 1983, alleging lack of medical treatment while housed at Correctional Training Facility ("CTF"). His amended complaint (Dkt. No. 17) is now before the Court for review under 28 U.S.C. § 1915A.

**DISCUSSION**

**A.      Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See United States v. Qazi*, 975 F.3d 989, 993 (9th Cir. 2020).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . claim is and the

grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). While Rule 8 does not require detailed factual allegations, it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). A pleading that offers only labels and conclusions, or a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement does not suffice. *Id.* To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.  Procedural History**

The initial complaint named as defendants CTF Chief Medical Executive Steve Posson and CTF healthcare providers John Does 1-3 and made the following allegations. Defendants Posson and John Doe Nos 1-3 were in charge of Plaintiff's medical care while he was housed at CTF. On June 27, 2022, due to water on the floor, Plaintiff slipped and broke his hand and fractured his knee. Plaintiff's hand had to be treated with a splint. As of this day, Plaintiff continues to suffer pain, but no medical care or medications have been provided. Plaintiff alleges that Defendants' inaction violated the Eighth Amendment and the Tort Claims Act, and constituted general negligence, intentional infliction of emotional and physical pain. *See generally* Dkt. No. 1.

The Court dismissed the initial complaint with leave to amend because it failed to link any defendant to a specific action or inaction that violated federal or state laws or the federal or state constitutions and because it failed to state a cognizable federal claim, noting that the exhibits to the complaint contradicted Plaintiff's allegations that he had not received adequate medical care.

**C.  Amended Complaint**

The amended complaint names as defendants doctors Kalesher, Rios, and Posson. The amended complaint does not identify where doctors Kalesher and Rios work. The amended complaint makes the following allegations. Prison medical staff have failed to treat his medical conditions and medically mistreat him. As a result, Plaintiff's condition is permanent for the rest of his life, and Plaintiff suffers daily. The CDCR abuses all prisoners, including disabled

1  prisoners, and the only way to get the CDCR to pay attention and address the lack of treatment is
2  for Plaintiff to bring suit.

3  The amended complaint is DISMISSED with leave to amend for the following reasons.

4  First, the amended complaint fails to identify any federal law or constitutional provision
5  that has been violated.

6  Second, the amended complaint again fails to identify any action or inaction by the named
7  defendants that harmed Plaintiff. The amended complaint does not specify what defendants
8  Kalesher, Rios, and Posson did or did not do that harmed Plaintiff.

9  The Court DISMISSES the amended complaint for failure to state a claim, but grants
10 Plaintiff leave to file a second amended complaint that addresses the deficiencies identified above.
11 In preparing a second amended complaint, Plaintiff should list what each named prison official did
12 or did not do that harmed him, and identify what federal law or constitutional provision was
13 violated by the action or inaction.

## CONCLUSION

15 For the foregoing reasons, the Court DISMISSES the amended complaint with leave to
16 amend. Within twenty-eight (28) days of the date of this order, Plaintiff shall file a second
17 amended complaint that addresses the identified deficiencies. The second amended complaint
18 must include the caption and civil case number used in this order, Case No. C 23-02394 HSG (PR)
19 and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form
20 complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.
21 An amended complaint completely replaces the previous complaint. *See Lacey v. Maricopa Cnty.*,
22 693 F.3d 896, 925 (9th Cir. 2012). Accordingly, Plaintiff must include in his second amended
23 complaint all the claims he wishes to present and all of the defendants he wishes to sue, and may
24 not incorporate material from the prior complaints by reference.

25 //
26 //
27 //
28 //

1  Failure to file a second amended complaint in accordance with this order in the time
2  provided will result in dismissal of this action without further notice to Plaintiff.  The Clerk shall
3  include two copies of the court's complaint form with a copy of this order to Plaintiff.

**IT IS SO ORDERED.**

Dated:   6/14/2024

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge